## LANSTON v. SCHWARTZ.

### No. 9831.

United States Court of Appeals
District of Columbia Circuit.

Argued January 28, 1949.

Feb. 28, 1949.

Mark P. Friedlander, of Washington, D. C. (Leroy A. Brill, of Washington, D.C., on the brief), for appellant.

Martin Popper, of Washington, D.C., for appellee.

Before EDGERTON, WILBUR K. MILLER and PRETTYMAN, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellant filed a caveat to the probate of the will of Aubrey Lanston, deceased.

Pursuant to the rules of court,[1] issues were framed, with her concurrence, upon the caveat, for trial. Four issues were thus framed: (1) Was the writing the will of Aubrey Lanston? (2) Was the writing executed in due form? (3) Was the execution of the paper obtained by fraud? (4) Was it obtained by undue influence? Hearing was had before a jury. The court directed a verdict sustaining the will on all four issues as framed, and thereafter entered a decree admitting the will to probate.

No issue as to the competency of the decedent to make a will was raised by the caveator upon her caveat, or was framed by the court or presented to the jury. No expression upon the subject was made by the court, unless its entry of the decree be assumed to be a finding of competency. Caveator-appellant now says, however, that the court erred in refusing to rule that the proponent of the will must offer proof of competency, and also erred in failing to reach and enter an opinion, upon the proofs before it, as to competency. This contention is based upon the District of Columbia statute which reads: "If, upon hearing the proofs submitted, the court shall be of opinion that the will was duly executed and the testator was competent to execute the same, and no caveat shall be filed against the admission of the same to probate, the court shall decree that the said will be admitted to probate and record."[2]

We do not reach the question upon the merits, because we think that a caveator cannot raise on appeal an issue which he failed to propose as an issue to be tried in a caveat proceeding. Probate procedure in this jurisdiction gives any person in interest ample opportunity to raise by caveat, prior to a decree of probate, any issue he may wish to raise in respect to the validity of a will.[3] Moreover, the statute provides:[4] "If, upon the hearing of the application to admit a will to probate, the court shall decree that the same be admitted to probate, any person in interest may file

---

[1] Rule 26 of the Probate Rules of the District Court of the United States for the District of Columbia.

[2] 31 Stat. 1212 (1901), D.C.Code, § 19—308 (1940).

[3] 31 Stat. 1212 (1901), D.C.Code § 19—307 (1940).

[4] 31 Stat. 1212 (1901), D.C.Code § 19—309 (1940).

a caveat to said will and pray that the probate thereof may be revoked. * * * "

Thus, the procedure required by the statute seems clear. Upon an application for probate, two issues are presented to the court, (1) due execution and (2) competency of the decedent to execute. Upon those two issues, the court must be of affirmative opinion upon the proofs submitted. Any person in interest may contest the probate before the hearing upon the application, and may also contest it, within specified time limits, after the decree of probate. We think that this combination of provisions leads to two conclusions. First, since the statute as to post-decree caveat contains no limitations, except as to time of filing, a person in interest who has raised some issues by an earlier caveat is not precluded from filing a caveat after the decree, upon other issues; except that such right to file a second caveat ought to be subject to the usual rules as to reasonable cause for the delay which, in the interest of orderly procedure, apply generally to pleadings. Thus in the case at bar, the caveator may not have thought before seeing the depositions of the attesting witnesses, taken abroad, that there was any question as to competency. She could, no doubt, have then sought to secure an amendment to the order framing the issues. Or, if she could have shown reasonable cause for not so moving at that time, she could have filed another caveat. She did neither.

This brings us to the second conclusion from the statutes. It seems clear that those acts mean that whatever contest there be is to be tried upon a caveat. This is equivalent to the usual requirement in legal proceedings of all kinds that contested issues be pleaded and tried in the court of first instance before they are appealed. A caveat is the pleading of contest in will cases. It follows that if an issue is not pleaded by caveat in the trial court, it cannot be contested by appeal.

In the case at bar, the caveator, having failed to frame an issue as to competency, either upon her initial application or by motion to amend the order framing the issues or by a later caveat, reasonably explained as to delay, cannot now be heard to contest in this court the decree of the District Court upon the issue of competency.

Appellant also says that the court erred in directing a verdict upon the issue as to undue influence. We find no evidence of undue influence and so agree with the action of the trial court.

The judgment of the District Court is, therefore,

Affirmed.